UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID E. FEATHERS, | ) | CASE NO. 1:06 CV 487 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| WARDEN GANSHEIMER, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On March 3, 2006, plaintiff pro se David E. Feathers, an inmate at the Lake Erie Correctional Institution, filed this 42 U.S.C. § 1983 action against the following defendants: Warden Gansheimer, D.W. Compton, Doviak (school administrator), Davison (school administrator), John/Jane Doe, and Lake Erie Correctional Institution. For the reasons stated below, this action is dismissed.

Plaintiff seeks to initiate this action with a document entitled "exparte injunction," wherein he asserts in an attached affidavit that he has not been permitted sufficient time and access to legal materials to pursue his criminal appeal and postconviction relief. The affidavit also alleges that plaintiff's mail has been obstructed.

As a threshold matter, it should be noted that a civil action is commenced by the filing of a complaint, Fed.R.Civ.P. 3, and that no complaint was submitted with plaintiff's documents for filing.

Further, a prisoner must allege and show that he has

exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden, as there is no indication that he submitted grievances and exhausted his administrative remedies for

---

[1] See also, Lyons-Bey v. Curtis, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); Fuller v. Calvin, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); Vandiver v. Martin, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

each claim against each defendant named herein.  The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e.  See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005).  Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies.  Bey, 407 F.3d at 806-07.  The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process.  Id.  A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims.  Id. at 808.

Because Plaintiff has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety.  Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e.  Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATE: April 4, 2006